UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00114-FDW

| | | |
|---|---|---|
| CHERYL RAMSEUR JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*, | ) ) ) ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 14). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income and Disability Insurance Benefits. For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Summary Judgment, (Doc. No. 12), DENIES Commissioner's Motion for Summary Judgment, (Doc. No. 14), and REVERSES and REMANDS this matter for further proceedings consistent with this Order.

I. BACKGROUND

Plaintiff filed an application for Title II benefits on October 25, 2013, and filed an application for Title XVI benefits on March 3, 2014. (Tr. 12). Plaintiff alleges disability beginning September 7, 2013. (Tr. 12). After her application was denied initially and upon reconsideration, (Tr. 90, 165), Plaintiff requested a hearing, (Tr. 240), which was subsequently held on April 12, 2017. (Tr. 31). Following the hearing, the ALJ denied Plaintiff's application for benefits. (Tr. 9). Plaintiff's subsequent request for review by the Appeals Council was denied. (Tr. 1).

1

The ALJ found Plaintiff had not engaged in substantial gainful activity since September 7, 2013, and met the insured status requirements through June 30, 2016. (Tr. 14). The ALJ found Plaintiff to be severely impaired by degenerative disc disease, hypertension, tension headaches, pelvic pain status post hysterectomy, manic depression, chronic anxiety, and bi-polar disorder, (Tr. 14), but these impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. (Tr. 15). The ALJ found that Plaintiff had the following Residual Functional Capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to simple, routine, and repetitive tasks and no more than occasional contact with supervisors.

(Tr. 17). Based on the vocational expert's ("VE") assessment of these limitations,[1] the ALJ determined Plaintiff could perform her past relevant work as an "inspector and hand packager," or in the alternative, could perform several other jobs existing in significant numbers in the national economy. (Tr. 52). As a result, the ALJ concluded Plaintiff was not disabled under the Social Security Act from September 7, 2013, through the date of the ALJ's decision. (Tr. 25).

Plaintiff has exhausted all administrative remedies and now appeals the ALJ's decision. Plaintiff argues: (1) the ALJ's determination of the RFC was not supported by substantial evidence because the ALJ failed to include the same limitations in the hypothetical to the VE as he adopted in the RFC; (2) the ALJ failed to properly consider Plaintiff's mental limitations in calculation of the RFC; and (3) the ALJ was improperly appointed in violation of the Appointments Clause because of the U.S. Supreme Court's decision in Lucia v. SEC, 138 S. Ct. 2044 (2018). (Doc. No. 13, pp. 6, 9, 20).

---

[1] The RFC limited contact with *supervisors*, while the hypothetical the ALJ presented to the VE for determination of Plaintiff's ability to perform past relevant work only limited the claimant's contact with *customers*.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code permits judicial review of the Social Security Commissioner's denial of social security benefits. When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an [ALJ] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (citation omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one

through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

## III. ANALYSIS

After careful consideration of the record, Parties' briefs, and Plaintiff's assignments of error, the Court finds the ALJ's decision was not supported by substantial evidence because the ALJ's hypothetical to the VE did not match Plaintiff's RFC, and the ALJ provided no explanation for the conflict.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the Fourth Circuit held "for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." In Mascio, the Fourth Circuit held that remand was appropriate when the ALJ gave no explanation why a claimant's limitation was excluded from the hypothetical given to the VE. 780 F.3d at 638.

Here, the ALJ determined the Plaintiff's RFC included a limitation of "no more than occasional contact with supervisors." (Tr. 17). However, the ALJ's hypothetical to the VE did not limit Plaintiff's contact with "supervisors," but instead permitted "no more than occasional direct contact with customers." (Tr. 51). Based on this hypothetical limiting contact with customers, the VE opined Plaintiff could perform her past relevant work as an "inspector and hand packager," or in the alternative, could work in several other jobs found in significant numbers in the national economy. (Tr. 51, 52). The VE was not questioned regarding the compatibility of the above jobs with Plaintiff's RFC requiring "no more than occasional contact with supervisors." (Tr. 17).

Furthermore, this error does not appear to be harmless. The ALJ's decision relied on Plaintiff's past history of "violence toward co-workers," (Tr. 20), in limiting Plaintiff's RFC

regarding supervisor contact and gave "great weight" to evidence suggesting Plaintiff had moderate difficulties in "social functioning." (Tr. 21). Since Plaintiff's RFC calculation appeared to be based off of previous issues she had with coworkers and supervisors, and there was no evidence of previous issues with customers, the VE's testimony was not predicated on an appropriate statement of Plaintiff's limitations. See Williams v. Berryhill, 4:16-cv-230-FL, 2017 WL 3770679, at *6 (E.D.N.C. Aug. 14, 2017) (holding that "[t]estimony by a vocational expert based on an incomplete hypothetical may not constitute substantial evidence supporting" the ALJ's determination of claimant's ability to perform a specific job). Interacting with supervisors and coworkers is also very different from interacting with customers; thus, the ALJ's hypothetical to the VE did not properly encompass Plaintiff's limitations.

Defendant contends the ALJ's failure to include the limitation on supervision in the hypothetical is harmless error because the jobs described by the VE "are all routine and simple" suggesting "minimal supervision would be required to perform them." (Doc. No. 15, p. 6). The Fourth Circuit has repeatedly refused to hold as harmless error when the Court is "left to guess about how the ALJ arrived at his conclusions." Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 (4th Cir. 2017) (quoting Mascio, 780 F.3d at 637); see Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987) (remanding the case and finding that it is not harmless error when there is no basis for the Court to determine whether the ALJ's decision is based on substantial evidence). Therefore, the ALJ's failure to explain the conflict between the RFC and the hypothetical posed to the VE is not harmless error and warrants a remand of the case.

Because there are clear grounds for remand on Plaintiff's first assignment of error, the Court does not find it necessary to address Plaintiff's other assignments of error.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 12) is GRANTED, the Commissioner's Motion for Summary Judgment (Doc. No. 14) is DENIED, and the case is REVERSED and REMANDED for further proceedings consistent with this decision.

IT IS SO ORDERED.

Signed: April 18, 2019

Frank D. Whitney
Chief United States District Judge